**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Gregory Sare, | ) | Chapter 7 |
| | ) | Case No. 04-11553 |
| Debtor | ) | |
| _____ | ) | |
| Gregory Sare, | ) | |
| | ) | |
| Plaintiff | ) | Adv. Proc. No. 04-1159 |
| | ) | |
| v. | ) | |
| | ) | |
| Salli Mae et. al., | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**MEMORANDUM OF DECISION**

This adversary proceeding was commenced by the Chapter 7 debtor, Gregory Sare, ("Debtor") to determine the dischargeability of student loans under § 523(a)(8).[1] By agreement, Educational Credit Management Corporation ("ECMC"), holder of several of the Debtor's student loans, was substituted for the defendant, Sallie Mae. Another defendant, the United States Department of Education, was dismissed on the Debtor's motion. Before me is ECMC's motion for summary judgment. ECMC asserts that it is entitled to judgment as a matter of law because there is no genuine issue of material fact on the liability and amounts of its student loan claims or on the question of undue hardship.

The liability and amounts of ECMC's student loan claims are not contested by the Debtor and partial summary judgement will enter in favor of ECMC as follows:

---

[1] The Debtor's bankruptcy case was commenced before October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy code" or "Code"), as amended, 11 U.S.C. § 101 et seq., in effect when the case was commenced.

ECMC is the holder of two educational loans originated by Citibank, having balances as of February 8, 2006 of $5,533.42 and $2,953.66 respectively, and a collective per diem for those two loans of $1.34. ECMC is also the holder of 15 loans originated by various banks and originally guaranteed by California Student Aid Commission. The total balance of these 15 loans, as of February 15, 2006, is $45,780.91, with a per diem aggregating $6.82.

ECMC's approach to summary judgment on the dischargeability question flows from the Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 316, 322 (1986), that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ."

ECMC has correctly applied Celotex to § 523(a)(8). When a disability underlies a debtor's claim of undue hardship, its existence is an essential element to be established by the debtor if the debtor is to defeat a motion for summary judgment challenging the sufficiency of the claim. The burden of proving undue hardship is on the debtor, see In re Kopf, 245 B.R. 731, 734 (Bankr. D. Me. 2000), and remains with the debtor on a creditor's motion for summary judgment. Therefore, without evidence showing the existence of the disability underlying the claim of undue hardship in a form allowable under Rule 56, an essential element of the claim would be missing and a creditor would be entitled to summary judgment as a matter of law.[2]

Celotex makes it clear that there is no requirement in Rule 56 that the moving party "support its motion with affidavits or other similar materials *negating* the opponent's claim." Celotex, 477 U.S. at 323 (emphasis in original). Rule 56 puts the showing of the existence of the essential elements of the plaintiff's claim on the plaintiff. "Rule 56(e) ... requires the nonmoving

---

[2] FED. R. CIV. P. 56 is applicable in adversary proceedings through FED. R. BANKR. P. 7056.

2

party [plaintiff] to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. This does not mean that a plaintiff must produce "evidence in a form that would be admissible at trial in order to avoid summary judgment." Id. Rather, it means that a plaintiff, as the nonmoving party, may establish the existence of an essential element of a claim, like the disability underpinning the claim of undue hardship in this case, with the kinds of evidentiary materials listed in Rule 56(c), other than pleadings. Id. These materials would include depositions, answers to interrogatories, admissions on file, and affidavits, if any. FED. R. CIV. P. 56(c).

In this district the local rules of the district court govern proceedings on summary judgment in the bankruptcy court.[3] The moving party is required to file a supporting statement of material facts, supported by record citations, as to which it contends there is no genuine issue of material fact to be tried. D. Me. Civil Rule 56(b). The opposing party is required to submit an opposing statement admitting, denying, or qualifying the facts in the moving party's statement. Denials and qualifications must be supported by record citations. The opposing party may add a section of additional facts. D. Me. Civil Rule 56(c). If supported by record citations the facts contained in the supporting and opposing statements are deemed admitted unless properly controverted. D. Me. Civil Rule 56(f). The court has no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statements. D. Me. Civil Rule 56(f).

Only ECMC has filed a statement of facts. The facts selected by ECMC for inclusion in

---

[3] See D. Me. LBR 9029-3; and D. Me. Civil Rule 56.

its statement form the basis of ECMC's contention that there is no genuine issue of material fact for trial. The Debtor's failure to file an opposing statement, whether by design or otherwise, means that the properly supported facts in ECMC's statement are deemed to have been admitted.[4] ECMC's statement is short and to the point and is repeated here with record citations, verbatim:

> 1. ECMC is a Minnesota not-for-profit corporation which was created under the direction of the United States Department of Education to provide specialized guarantor services under the Federal Family Education Loan Program ("FFELP"), including accepting transfer of title to certain student loan accounts on which the student-loan borrowers have filed bankruptcy. *Affidavit of Troy Gunder, Esq.*, at ¶ 4, 6.
>
> 2. ECMC, as successor guarantor, is the current holder of the Mr. Sare's student loans, which are summarized in Attachment A to the Gunderman Affidavit filed herewith. *Affidavit of Troy Gunder, Esq.*, at ¶ 5, 7.
>
> 3. Plaintiff Gregory R. Sare is a roughly 40-year-old man with an educational background and work experience in telecommunications and computer information systems. *Plaintiff's Answers to ECMC's First Set of Interrogatories,* Response Nos. 1, 4, 14; *Stipulation Respecting Defendant Educational Credit Management Corporation's Motion for Partial Summary Judgment,* at ¶ 1.
>
> 4. Mr. Sare's student loans which are the subject of his complaint were incurred when he was obtaining his training from various California colleges and universities. *Plaintiff's Answers to ECMC's First Set of Interrogatories,* Response No.14; *Stipulation Respecting Defendant Educational Credit Management Corporation's Motion for Partial Summary Judgment,* at ¶ 1.
>
> 5. Mr. Sare has testified that his mental condition, which is

---

[4] The Debtor's direct reliance upon the facts contained in the parties' stipulation of facts, as set forth in his memorandum opposing summary judgment, is misplaced. The district court rules require a nonmoving party to file "a separate, short, and concise statement of material facts" in response to the moving party's statement of material facts which "shall, admit, deny, or qualify" the facts in the moving party's statement. D. Me. Civil Rule 56(c). These requirements are not mere technicalities to be skirted. They exist to help the court determine – on an apple to apple basis – if there is a genuine issue of material fact for trial. The parties' stipulation of facts would have been a proper record citation to an opposing statement of material fact.

characterized by periods of depression defined by a lack of ability to concentrate, talk on the phone, or even get out of bed or his apartment to go to work, is such that he cannot presently maintain any employment and thus lacks the financial means to repay his student loans. *Plaintiff's Answers to ECMC's First Set of Interrogatories,* Response Nos. 3, 4, 14, 23, 24.

      6.    Mr. Sare's stated reason for not presenting expert testimony is that he lacks the financial means to incur the expense related to such witnesses. *Plaintiff's Pre-Trial Memorandum* at 3.

The question before me is whether or not the admitted facts on the summary judgment motion are sufficient to present a genuine issue of material fact for trial on the existence of the Debtor's disabling condition as an essential element of undue hardship. ECMC apparently composed paragraph 5 to show the Debtor's reliance upon his own notions of the disabling factors underlying his claim of undue hardship, as opposed to a reliance upon an expert's testimony. Paragraph 5 is properly supported by record citations to the Debtor's answers to interrogatories and is deemed admitted.

ECMC also relies on paragraph 6 to show the Debtor's failure to adequately establish his disabling condition with medical evidence. It will be ignored because the record citation is to *argument* contained in the Debtor's brief. To be proper, a record citation must be to evidentiary material included in Rule 56(c). See Celotex, 477 U.S. at 324. However, notice is taken of the Debtor's failure to timely designate an expert witness and his withdrawal of his witness list.

ECMC argues that the uncontroverted facts in the motion, which contain no reference to corroborating evidence, do not establish the essential element of a disabling medical condition. Initially, in its supporting memorandum, ECMC insisted that the prevailing view of the published authorities requires competent medical evidence to establish a psychiatric, psychological, or emotional disability. Taking a cue from my remarks at oral argument, ECMC

5

took a step back and conceded that those authorities may not demand expert medical testimony, but may express, instead, a very strong preference for some form of corroborating evidence. See e.g., Burton v. Educational Credit Management Corp. (In re Burton), ___ B.R. ___, slip op. at 29 (Bankr. E.D. Va. 2006)("The majority rule is that substantial and credible evidence, such as corroborating evidence, must be presented for the debtor to sustain his burden of proof regarding his medical condition."); Kelsey v. Great Lakes Higher Educ. Corp. (In re Kelsey), 287 B.R. 132, 143 (Bankr. D. Vt. 2001)(Claims for undue hardship based upon psychological or emotional disability should be closely scrutinized because they are susceptible to fabrication, exaggeration and fraud.). My view is in accord with those authorities.

I also agree with ECMC that taking judicial notice of the disabling implications of psychiatric, psychological, or emotional conditions would be inappropriate. Judicial notice should not be taken of a fact unless it is not subject to reasonable dispute either because it is general knowledge within the territorial jurisdiction of the trial court or it is capable of being determined by an assuredly accurate source. See U.S. v. Hoyts Cinemas Corp., 380 F.3d 558, 570 (1st Cir 2004).

Reliance upon a debtor's uncorroborated, self-serving testimony to establish the existence of a psychiatric, psychological, or emotional disability as an element of undue hardship under § 523(a)(8) is not the ideal way to go. But acknowledging a requirement for substantial and credible evidence of disability at trial is a far cry from adopting a hard and fast rule that would deprive a debtor of his or her day in court when the pretrial record shows the existence of disabling symptoms through competent lay testimony. The rules of evidence allow a party to state facts on personal knowledge. FED. R. EVID. 601, 602. They also allow for opinions or

inferences from a witness other than an expert "which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

Paragraph 5 was carefully crafted by ECMC to show that the Debtor's disability case rests upon his own testimony, as opposed to expert testimony. In fashioning paragraph 5 as it did, ECMC demonstrated the Debtor's personal knowledge of his circumstances under FED. R. EVID. 601 and 602 and also offered the Debtor's admissible opinions and inferences under FED. R. EVID. 701. The only phrase employed in paragraph 5 that may be scientific or technical is "periods of depression," but that phrase may have been used to characterize something within the knowledge of the Debtor. To avoid complications, I will ignore it. The outcome of this motion would have been different if paragraph 5 had said something like, "Mr. Sare claims to have bi-polar disorder." Such a statement, containing, as it does, a medical conclusion, would have begged for expert testimony to avoid summary judgment.

Viewing the evidence, as it is, in the light most favorable to the nonmoving party, as I must, Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 52 (1st Cir. 2001), it is my conclusion that Paragraph 5 presents a genuine issues of material facts for trial, including, the nature and extent of the Debtor's condition and its present and future effect on his ability to pay. To prevail the Debtor will need to demonstrate that he has met all of the requirements of the § 523(a)(8) exception by a preponderance of the evidence, including the existence of his disabling condition. His credibility will be an issue. Substantial and credible evidence of his condition will be required. Corroborating evidence may be offered in any admissible form,

including, without limitation, the testimony of his spouse, parents, siblings, friends, and coworkers, medical records, drug prescriptions, or a disability determination from an agency like the Social Security Administration or the Veterans Administration.[5] See Burton, slip opinion at 38-42.

    A separate order shall issue.

DATED: March 16, 2006

                                            Louis H. Kornreich
                                            United States Bankruptcy Judge

---

[5] The extent of compliance by either party with this Court's pretrial scheduling order was not presented on summary judgment. All issues of admissibility of evidence are reserved for trial.